(June 16, 1917.)

## CITIZENS' STATE BANK OF SANDPOINT, a Corporation, Appellant, v. HEGBERT E. THOMASON, Respondent.

### [167 Pac. 22.]

PROMISSORY NOTE—CONDITIONAL DELIVERY—EVIDENCE.

1. Evidence examined and held insufficient to establish respondent's claim that there was a conditional delivery of the note.

2. Evidence examined and held sufficient to establish that the note was delivered as a present obligation.

[As to the necessity that a note, in order to be negotiable, shall be an unconditional promise to pay, see note in 42 Am. Rep. 366.]

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. R. N. Dunn, Judge.

Action on promissory note. Judgment for defendant. *Reversed.*

H. H. Taylor, for Appellant.

Parol agreements, varying the terms of the subscription to stock, and the note such as testified to by the respondent are inadmissible. (*American Gas etc. Co. v. Wood,* 90 Me. 516, 38 Atl. 548, 43 L. R. A. 449, and notes; *Hurt v. Ford,* 142 Mo. 283, 44 S. W. 228, 41 L. R. A. 823; *Williams v. Mt. Hood Ry. etc. Co.,* 57 Or. 251, Ann. Cas. 1913A, 177, 110 Pac. 490, 111 Pac. 17; *Shriner v. Meyer,* 171 Ala. 112, Ann. Cas. 1913A, 1103, 55 So. 156; *Loomis v. New York Central etc. R. Co.,* 203 N. Y. 359, Ann. Cas. 1913A, 928, 96 N. E. 748.)

Whether respondent contends that Selzer & Taylor were principals or agents of the Western States Life Insurance Co., a conditional or contingent delivery could not be made to them as principals or agents as it would become an absolute delivery. (3 R. C. L. 860, 861, 862.)

While a conditional delivery may be shown as between the original parties, parol evidence cannot be introduced to show

a conditional delivery except as between the original parties. (*Burke v. Dulaney,* 153 U. S. 228, 14 Sup. Ct. 816, 38 L. ed. 700; note, 3 Ann. Cas. 561.)

Evidence of oral agreements made prior to the signing of a note and subscription such as this is not admissible to vary the terms of the written agreement, and the note and subscription taken together constitute the written agreement herein. (*Fralick v. Mercer,* 27 Ida. 360, 148 Pac. 906; *Smith v. Wallace National Bank,* 27 Ida. 441, 150 Pac. 21.)

G. H. Martin, for Respondent:

An instrument may be delivered to the payee on condition, the observance of which is essential to its validity. (Rev. Codes, sec. 3473; 3 R. C. L. 863, and cases there cited; *Beach v. Nevins,* 162 Fed. 129, 89 C. C. A. 129, 18 L. R. A., N. S., 288; *Burke v. Dulaney,* 153 U. S. 228, 14 Sup. Ct. 816, 38 L. ed. 700; *McFarland v. Sikes,* 54 Conn. 250, 1 Am. St. 111, 7 Atl. 408.)

Evidence is properly received that a note executed because of a certain agreement between the payee and maker that until certain acts were done, the transaction should not be deemed completed and the note enforceable. (*Hughes v. Crooker,* 128 Am. St. 611, 612, note.)

By contemporaneous parol agreements, it may be shown that a note executed and delivered is not to be enforced as a present contract, as a defense to a suit upon the note. (*Faux v. Fitler,* 223 Pa. 568, 132 Am. St. 742, 72 Atl. 891; *Kessler v. Parelius,* 107 Minn. 224, 131 Am. St. 459, 119 N. W. 1069; *Gandy v. Weckerly,* 220 Pa. 285, 123 Am. St. 691, 69 Atl. 858, 18 L. R. A., N. S., 434; *Carroll v. Nodine,* 41 Or. 412, 93 Am. St. 743, 69 Pac. 51; *Citizens' Bank v. Millett,* 103 Ky. 1, 82 Am. St. 546, 44 S. W. 366, 44 L. R. A. 664; *Sloan v. Gibbes,* 56 S. C. 480, 76 Am. St. 559, 35 S. E. 408; Jones on Evidence, 2d ed., secs. 471–495; *Ware v. Allen,* 128 U. S. 590, 9 Sup. Ct. 174, 32 L. ed. 563; *Smith v. Dotterweich,* 200 N. Y. 299, 93 N. E. 985, 33 L. R. A., N. S.. 892: *Benton v. Martin,* 52 N. Y. 570.)

RICE, J.—This is an action upon a promissory note in the sum of $2,500, executed by Hegbert E. Thomason, respondent herein, payable to himself and indorsed and delivered by him to Selzer & Taylor, who subsequently indorsed and delivered the note to the appellant herein.

The respondent denied that the note was executed and delivered unconditionally for value. As an affirmative defense respondent alleged that prior to the signing, indorsing and delivery of the note, said Selzer & Taylor agreed to and with him that they had for sale and delivery certain shares of the capital stock. of a corporation known as the Western States Life Insurance Company, and that they offered to sell to respondent one hundred shares thereof for $2,500; that respondent advised them that if he should make a prospective sale of certain mining properties located at Jarbridge, Nev., he would purchase one hundred shares of said stock at $25 per share; that he would execute and deliver the note in suit in this case upon condition that the purchase of said stock and execution and delivery of said note therefor should not be treated or deemed as a present contract; that if said mining deal at Jarbridge, Nev., fell through, this respondent should not be required to take said stock and pay therefor, and that if at any time prior to the maturity thereof the respondent desired to withdraw from the purchase of said stock and the payment therefor as evidenced by said note, the respondent should notify Selzer & Taylor to that effect, and that respondent's agreement to purchase said stock should not thereafter be enforceable, but should be canceled and said note returned to him. Respondent further alleged that the mining deal on the Jarbridge property fell through; whereupon he elected not to complete the purchase of said stock, nor to take the same or to pay therefor, and notified Selzer & Taylor of such election.

The evidence in support of the affirmative defense is that of Thomason, the maker of the note, and is as follows:

"Selzer & Taylor came over several times to see me in regard to selling stock, and I told them I was not financially able to buy any stock for the reason that I had gone into a

mining deal at Jarbridge, Nev., and that I had tied up all my idle capital in that. They finally came again and made me this proposition. Well, before they left the last time I told them I had a prospective sale on for the mining property and if that went through I would be able to handle some stock. So they left; and they came back once more and told me they had a proposition to make me which was that they would sell me stock and take my note in payment for it, due in six months. I considered a while and finally told them I would subscribe under these conditions, but with this understanding—that my note was to be sent to the home office in San Francisco and left there until such time as I was able to pay it or care for it. . . . . They agreed to that and I requested that the note be sent there and left there and not negotiate it or send it to anyone at Sandpoint for collection, to which they agreed.''

He also testified that the above conversation was had before the execution of his note.

The foregoing testimony does not establish respondent's claim that there was a conditional delivery of the note. On the contrary, it does establish that the note was delivered as a present obligation. That the respondent himself treated it as given in payment for the stock is shown by his letter to Selzer & Taylor, written after his failure to sell the Jarbridge property, which letter in part reads as follows: ''I will not be able to take the stock that I subscribed for in the Western States Life Ins. Co., and therefore write to request that you resell it, as promised me in event that I wished to have you do so.'' This letter did not request the return of the note, but was in effect a confirmation of the purchase of the stock.

Respondent did not allege as a defense, fraud, duress or undue influence. There was therefore no defense against the collection of the note.

At the close of the evidence, the plaintiff requested the court to instruct the jury to render a verdict in its favor, which motion was denied by the trial court. This motion should have been granted.

The appellant has assigned several specifications of error, but in view of the evidence as outlined above we deem it unnecessary to consider them.

The judgment is reversed, and the lower court is directed to enter judgment for the plaintiff for the amount of the note. Costs awarded to appellant.

Budge, C. J., and Morgan, J., concur.

Petition for rehearing denied.